UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
CIVIL DIVISION

| | |
|---|---|
| CHRISTOPHER A. YENTZER,<br>ON BEHALF OF HIMSELF AND<br>ALL OTHERS SIMILARLY SITUATED,<br><br>　　　　　　　　　Plaintiff,<br>　　　v<br><br>LINDA STRUMPF AND<br>U.S. EQUITIES CORP.<br><br>　　　　　　　　　Defendants. | Civil Action, File No.<br>7:17-cv-5362-CS |

**AMENDED COMPLAINT**

**DEMAND FOR TRIAL BY JURY**

Plaintiff, Christopher A. Yentzer [hereinafter "Yentzer"] on behalf of himself and all others similarly situated, by and through his attorney, Mitchell L. Pashkin, Esq., complains of Defendants, Linda Strumpf [hereinafter "Strumpf"] and U.S. Equities Corp. [hereinafter "US Equities"], and alleges as follows:

1. This court has jurisdiction of this case pursuant to 15 U.S.C. § 1692k(d), 28 USCS § 1331, and/or pursuant to 28 USCS § 1332 (d)(2)(A).

2. Venue in this district is proper based on each Defendant's regular transaction of business within this district.  Venue in this district also is proper based on US Equities possessing a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency" in New York City which includes this district.  Each Defendant also derives substantial revenue from services rendered in this district.  The aforementioned transaction of business and services includes but is not limited to the collection of debt from consumers who reside in this district.

3. Venue in this district also is proper in light of the occurrences which form the basis for this Complaint having occurred in whole or in part in this district.

4. Plaintiff demands a trial by jury pursuant to FRCP 38 (b).

5. Yentzer is a natural person who resides at 676 Beck Avenue, Henderson, NC 27536.

6. Yentzer is a "consumer" as defined by 15 U.S.C. § 1692(a)(3) of the FDCPA.

7. US Equities is a New York Domestic Business Corporation with a principal place of business located at 244 Colonial Road, New Canaan, CT 06840.

8. US Equities' primary business consists of the purchases of defaulted debts due from consumers from entities which currently own the defaulted debts and then, via agents, attorneys, and/or third-party debt collectors, attempting to collect these defaulted debts from consumers.

9. The aforementioned consumers include New York City residents.

10. Per § 20-490 of the New York City Administrative Code, any business that seeks to collect personal or household debts from New York City residents must have a Debt Collection Agency License from the New York City Department of Consumer Affairs.

11. Pursuant to New York City Local Law No. 15, a Debt Collection Agency includes debt buyers but excludes creditors.  Under Section 20-489 of the New York City Administrative Code, a "Debt Collection Agency" is defined as follows:  "…shall also include a buyer of delinquent debt who seeks to collect such debt either directly or through the services of another by, including but not limited to, initiating or using legal processes or other means to collect or attempt to collect such debt.".

12. US Equities possesses a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency".

13. As revealed from a search of the New York State Unified Court System eCourts website ("eCourts"), on a consistent and regular basis over a period of numerous years through the present US Equities has been the plaintiff in numerous consumer debt collection lawsuits where the lawsuit alleged that US Equities become the owner of the debt from the original creditor.

14. Based upon the allegations in the above six paragraphs, the principal purpose of US Equities is the collection of debts using the instrumentalities of interstate commerce, including mails and telephone; and US Equities is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

15. Strumpf is an attorney with a place of business in New York located at 69 Fox Run, South Salem, NY 10590 and with a principal place of business at 244 Colonial Road, New Canaan, CT  06840.

16. As revealed from a search of the New York State Unified Court System eCourts website ("eCourts"), on a consistent and regular basis over a period of numerous years through the present Strumpf was the plaintiff's attorney in numerous consumer debt collection lawsuits. Also, on a consistent and regular basis over a period of numerous years through the present, Strumpf, without using the courts, has collected and attempted to collect debts from consumers on behalf of an owner of the debt.

17. Upon information and belief, based in part on the aforementioned eCourts search, Strumpf's legal practice does not consist of any type of legal work other than debt collection or only a small or minimal portion of her legal work consists of legal work other than debt collection.

18. Based upon the allegations in the above paragraph, the principal purpose of Strumpf is the collection of debts using the instrumentalities of interstate commerce, including mails and telephone; and she regularly collects or attempts to collect, directly or indirectly, debts owed

or due or asserted to be owed or due to another; and Strumpf is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

19. Upon information and belief, US Equities issued work standards, directives, and/or guidelines to Strumpf which contained instructions, controls, and rules governing the steps Strumpf could and could not take to attempt to collect debts including the filing and prosecution of lawsuits, and obtaining and maintaining judgments.  Upon information and belief, these instructions, controls, and rules included the types of account documents Strumpf could request or obtain at various stages of an attempt to collect a debt and at various stages of a debt collection lawsuit.  Upon information and belief, these instructions, controls, and rules also included the steps, if any, which Strumpf was required to take to investigate the accuracy of the address which Strumpf had for a consumer before filing and/or serving a lawsuit against a consumer.  Upon information and belief, these instructions, controls, and rules controlled and/or substantially effected all the actions Strumpf took regarding the State Court Action.

20. All the actions alleged in this Complaint taken by Strumpf were taken by Strumpf as the attorney and/or "debt collector" for the "debt collector" US Equities.

21. On October 6, 2003, Strumpf, as the attorney and "debt collector" for the "debt collector" US Equities, filed a lawsuit against Yentzer in the City Court of the City of Canandaigua, Ontario County under Index No. CV-000779-03/CA ("State Action") to recover a debt owed to the "debt collector" US Equities.  See Exhibit A.

22. Strumpf, as the attorney and "debt collector" for the "debt collector" US Equities, obtained a Judgment against Yentzer in the State Action. See Exhibit B.

23. On or about July 7, 2015, Strumpf, as the attorney and "debt collector" for the "debt

collector" US Equities, served an Information Subpoena and/or Restraining Notice dated July 7, 2015 on RTP Federal Credit Union in an attempt to find assets of Yentzer which could be restrained and then levied in order to enforce the aforementioned Judgment.

24. As a result of the aforementioned Information Subpoena and/or Restraining Notice, on July 15, 2015, RTP Federal Credit Union restrained Yentzer's account. See Exhibit C.

25. On or about July 15, 2015, Yentzer learned that RTP Federal Credit Union had restrained his account. See Exhibit D. Prior to Yentzer learning on or about July 15, 2015 that RTP Federal Credit Union had restrained his account, Yentzer had no knowledge of the State Action or the resulting Judgment. See Exhibit D.

26. Exhibit B was an attempt to enforce a Judgment obtained as a result of the State Action which, upon information and belief, was based upon the original creditor giving Plaintiff and/or his ex-wife, as individuals, a loan to purchase a vehicle for his and/or her individual use, and then, as individuals, failing to pay back this loan.

27. The State Action also was filed and the resulting Judgment obtained against Yentzer in his individual capacity.

28. Based on the above, the past due debt at issue arose out of a transaction used primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

## FIRST CAUSE OF ACTION-CLASS CLAIM

29. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-28 of this Complaint.

30. Per Exhibit B, Strumpf, as the attorney and "debt collector" for the "debt collector" US Equities, issued the aforementioned Information Subpoena and/or Restraining Notice to RTP Federal Credit Union pursuant to the authority of a New York court.

31. RTP Federal Credit Union is located only in North Carolina.

32. Upon information and belief, RTP Federal Credit Union does not conduct business in New York or does a minimal and/or sporadic amount of business in New York.

33. The New York court pursuant to whose authority the aforementioned Information Subpoena and/or Restraining Notice was issued had no general jurisdiction over RTP Federal Credit Union at the time of the issuance of the aforementioned Information Subpoena and/or Restraining Notice.

34. As regards the aforementioned Information Subpoena and/or Restraining Notice, the New York court pursuant to whose authority the aforementioned Information Subpoena and/or Restraining Notice was issued had no specific jurisdiction over RTP Federal Credit Union at the time of the issuance of the aforementioned Information Subpoena and/or Restraining Notice.

35. Since a New York court has no jurisdiction over RTP Federal Credit Union, Strumpf, as the attorney and "debt collector" for the "debt collector" US Equities, had no legal right to issue the aforementioned Information Subpoena and/or Restraining Notice pursuant to the authority of a New York court.

36. US Equities is vicariously liable for the actions of Strumpf Based on the allegations in paragraphs 19-20 of this Complaint, as a result of Strumpf being a "debt collector" and having taken all the actions alleged in this Complaint as the "debt collector" for the "debt collector" US Equities, via US Equities' participation in the control and/or supervision of the actions of Strumpf as the "debt collector" for the "debt collector" US Equities, via Strumpf being an agent of US Equities, and/or via the attorney/client relationship between Strumpf and US Equities.

37. Based on the allegations set forth in this Cause of Action, Defendants violated 15 U.S.C. § 1692e, 15 U.S.C. § 1692e(2)(A), 15 U.S.C. § 1692e(5), 15 U.S.C. § 1692e(10), and 15 U.S.C. § 1692f as a result of Strumpf issuing the aforementioned Information Subpoena and/or Restraining Notice to RTP Federal Credit Union.

## SECOND CAUSE OF ACTION

38. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-28 of this Complaint.

39. Per Exhibit A, Strumpf, as the attorney and "debt collector" for the "debt collector" US Equities, filed the State Action against Yentzer in 2003.

40. Yentzer had resided in North Carolina since 1997, and resided in North Carolina at the time Strumpf, as the attorney and "debt collector" for the "debt collector" US Equities, filed the State Action against Yentzer. See Exhibit D.

41. Since Yentzer resided in North Carolina at the time Strumpf, as the attorney and "debt collector" for the "debt collector" US Equities, filed the State Action against Yentzer, the court that issued the Judgment never had jurisdiction over Plaintiff; and therefore the Judgment obtained as a result of the State Action was void.

42. Since the Judgment obtained as a result of the aforementioned lawsuit against Yentzer was void, Strumpf, as the attorney and/or "debt collector" for the "debt collector" US Equities, had no legal right to maintain the Judgment.

43. Since the Judgment obtained as a result of the aforementioned lawsuit against Yentzer was void, Strumpf, as the attorney and/or "debt collector" for the "debt collector" US Equities, had no legal right to issue aforementioned Information Subpoena and/or Restraining Notice to RTP Federal Credit Union in an attempt to enforce a Judgment obtained by Strumpf, as the attorney and/or "debt collector" for the "debt collector" US Equities.

44. US Equities is vicariously liable for the actions of Strumpf Based on the allegations in paragraphs 19-20 of this Complaint, as a result of Strumpf being a "debt collector" and having taken all the actions alleged in this Complaint as the "debt collector" for the "debt collector" US Equities, via US Equities' participation in the control and/or supervision of the actions of Strumpf as the "debt collector" for the "debt collector" US Equities, via Strumpf being an agent of US Equities, and/or via the attorney/client relationship between Strumpf and US Equities.

45. Based on the allegations set forth in this Cause of Action, Defendants violated 15 U.S.C. § 1692e, 15 U.S.C. § 1692e(2)(A), 15 U.S.C. § 1692e(5), 15 U.S.C. § 1692e(10), and 15 U.S.C. § 1692f as a result of Strumpf maintain the Judgment and/or issuing the aforementioned Information Subpoena and/or Restraining Notice to RTP Federal Credit Union.

**THIRD CAUSE OF ACTION**

46. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-28 of this Complaint.

47. New York state law common law, separate and apart from any New York statute, requires each assignor of a debt to notify the debtor of the assignment of the debt as a prerequisite to the legal right of an assignee of the debt to file a lawsuit against the debtor to attempt to collect the debt and/or as a prerequisite to the legal right of an assignee of the debt to obtain a judgment in any such lawsuit.

48. Yentzer never received any notification from each assignor of a debt of the assignment of the debt.

49. New York state law common law, separate and apart from any New York statute, requires a plaintiff, who is an assignee of a debt, in a lawsuit against a debtor to attempt to collect a debt to produce a compete chain of title as a prerequisite to the legal right of such plaintiff to file such a lawsuit and/or to obtain a judgment in any such lawsuit.

50. Upon information and belief, there never existed a compete chain of title.

51. Based on the above allegations, Strumpf, as the attorney and/or "debt collector" for the "debt collector" US Equities, filed a lawsuit against Yentzer on behalf of US Equities when US Equities had no standing or legal right to file the lawsuit or obtain a Judgment against Yentzer based on the lack of proper notice of assignments of the debt and/or an inability to produce a complete chain of title.

52. US Equities is vicariously liable for the actions of Strumpf Based on the allegations in paragraphs 19-20 of this Complaint, as a result of Strumpf being a "debt collector" and having taken all the actions alleged in this Complaint as the "debt collector" for the "debt

collector" US Equities, via US Equities' participation in the control and/or supervision of the actions of Strumpf as the "debt collector" for the "debt collector" US Equities, via Strumpf being an agent of US Equities, and/or via the attorney/client relationship between Strumpf and US Equities.

53. Based on the allegations set forth in this Cause of Action, Defendants violated 15 U.S.C. § 1692e, 15 U.S.C. § 1692e(2)(A), 15 U.S.C. § 1692e(5), 15 U.S.C. § 1692e(10), and 15 U.S.C. § 1692f by filing the State Court Action and/or obtaining the Judgment.

## FOURTH CAUSE OF ACTION

54. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-28 of this Complaint.

55. Based on her issuance of the aforementioned Information Subpoena and/or Restraining Notice to RTP Federal Credit Union in North Carolina, prior to the time Strumpf, as the attorney and/or "debt collector" for the "debt collector" US Equities, signed and issued the aforementioned Information Subpoena and/or Restraining Notice to RTP Federal Credit Union in an attempt to enforce a Judgment, Strumpf had information to indicate that Plaintiff did not reside in New York.

56. Upon information and belief, at all times prior or subsequent to the time that Strumpf filed the State Action, Strumpf was unable to obtain from Plaintiff any response to Strumpf's efforts to contact Plaintiff.

57. Upon information and belief, the State Action was served on Plaintiff, if at all, via the "nail and mail" method per CPLR 308(4) rather than via personal delivery of the State Action to Plaintiff or a person authorized to accept service on his behalf.

58. Notwithstanding the above, upon information and belief, Strumpf, before signing and

issuing the aforementioned Information Subpoena and/or Restraining Notice to RTP Federal Credit Union, did not review her file to ascertain whether there was an issue with the validity of the Judgment she obtained as a result of Plaintiff not residing in New York at the time she filed the State Action.

59. Based upon the above allegations, Strumpf, as the attorney and/or "debt collector" for the "debt collector" US Equities, did not fulfill her legal obligation to conduct a meaningful attorney review before she began to attempt to attempt to enforce the Judgment and did not fulfill her legal obligation to conduct a meaningful attorney review before signing and issuing the aforementioned Information Subpoena and/or Restraining Notice to RTP Federal Credit Union in an attempt to enforce a Judgment obtained by Strumpf, as the attorney and/or "debt collector" for the "debt collector" US Equities.

60. US Equities is vicariously liable for the actions of Strumpf Based on the allegations in paragraphs 19-20 of this Complaint, as a result of Strumpf being a "debt collector" and having taken all the actions alleged in this Complaint as the "debt collector" for the "debt collector" US Equities, via US Equities' participation in the control and/or supervision of the actions of Strumpf as the "debt collector" for the "debt collector" US Equities, via Strumpf being an agent of US Equities, and/or via the attorney/client relationship between Strumpf and US Equities.

61. Based on the allegations set forth in this Cause of Action, Defendants violated 15 U.S.C. § 1692e, 15 U.S.C. § 1692e(3), and 15 U.S.C. § 1692f as a result of Strumpf issuing the aforementioned Information Subpoena and/or Restraining Notice to RTP Federal Credit Union.

## FIFTH CAUSE OF ACTION

62. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-28 of this Complaint.

63. Per Exhibit A, Strumpf, as the attorney and "debt collector" for the "debt collector" US Equities, filed the State Action against Yentzer in 2003.

64. Yentzer had resided in North Carolina since 1997, and resided in North Carolina at the time Strumpf, as the attorney and "debt collector" for the "debt collector" US Equities, filed the State Action against Yentzer.  See Exhibit D.

65. In New York state city courts such as the one in the State Action, the term "judicial district" as set forth in 15 USC 1692i(a)(2) "extends no farther than the boundaries of the city containing that court and the towns within the same county that are contiguous by land thereto".  Hess v. Cohen & Slamowitz, 637 F.3d 117 (2d Cir. 2011).

66. Upon information and belief, the contract for the loan which, upon information and belief, was the subject of the debt in the State Action, was not signed by Plaintiff in the "judicial district" which contains the court in which the State Action was filed.

67. US Equities is vicariously liable for the actions of Strumpf Based on the allegations in paragraphs 19-20 of this Complaint, as a result of Strumpf being a "debt collector" and having taken all the actions alleged in this Complaint as the "debt collector" for the "debt collector" US Equities, via US Equities' participation in the control and/or supervision of the actions of Strumpf as the "debt collector" for the "debt collector" US Equities, via Strumpf being an agent of US Equities, and/or via the attorney/client relationship between Strumpf and US Equities.

68. Based on the allegations set forth in this Cause of Action, Defendants violated 15 USC

1692i by filing the State Action against Yentzer.

## CLASS ALLEGATIONS

69. Plaintiff brings this action on behalf of a class pursuant to Fed. R. Civ. P. 23(a) and (b)(3).

70. The class consists of (a) all natural persons (b) who do not reside in New York (c) against whom Defendants within one year of the filing of this lawsuit attempted to enforce a Judgment obtained in a New York court by issuing an Information Subpoena or Restraining Notice to an entity located outside of New York.

71. The class members are so numerous that joinder is impracticable. On information and belief, there are more than 50 members.

72. There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members.

73. The predominant common question is whether Defendant's letters violate the FDCPA.

74. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases and class actions.

75. A class action is the superior means of adjudicating this dispute.

76. Individual cases are not economically feasible.

**WHEREFORE**, Plaintiff requests the following relief:

1. A Judgment against Defendants in favor of Plaintiff and the class members for statutory and actual damages in an amount to be determined at trial, and costs and attorney's fees; and

2. Any and all other relief deemed just and warranted by this court.

Dated:　　　　February 28, 2018

/s/_____
Mitchell L. Pashkin, Esq. (MLP-9016)
Attorney For Plaintiff
775 Park Avenue, Suite 255
Huntington, NY 11743
(631) 629-7709